IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-569-FL

| | |
|---|---|
| BEATRICE MAE PERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 14, 16). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates, entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court rejects the recommendation in the M&R, albeit adopting certain parts of its analysis, and remands to defendant for further proceedings.

**BACKGROUND**

On December 18, 2012, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning September 13, 2012. The application was denied both initially and upon reconsideration. Thereafter, plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after an October 7, 2014, hearing, denied plaintiff's claims by order entered December 15, 2014. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council. On October 21,

2015, the Appeals Council denied plaintiff's request for review; thus, the ALJ's decision became the final decision of defendant. This action followed.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

2

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 13, 2012. At step two, the ALJ found that plaintiff had the following severe impairments: systemic lupus erythematosus, obesity, and cervical degenerative disc disease. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments ("listings" or "listed impairments") in the regulations. See 20 C.F.R. § 404, Subpt. P, App.1 [hereinafter "Listing of Impairments"].

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit for six hours; stand and/or walk for six hours in an eight-hour workday; frequently handle and finger; occasionally climb ladders, ropes, and scaffolds; frequently climb stairs, stoop, crouch, kneel, and crawl. In making this assessment, the ALJ found plaintiff's statements about her limitations and pain not fully credible. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a machine packer. At step five, the ALJ determined that jobs exist in significant numbers that plaintiff is capable of performing. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

Plaintiff objects to the M&R's treatment of the following issues: the ALJ's assignment of very little weight to the opinion of plaintiff's treating nurse practitioner; the ALJ's credibility determination relating to plaintiff's allegations of pain; and the ALJ's failure to address plaintiff's

4

inability to sit or stand for long periods. Except as noted, plaintiff does not object to the M&R, and the court finds no clear error in the remaining portions. See Diamond, 416 F.3d at 315. Therefore, except as expressly limited above, the court adopts the remaining portions of the M&R as its own.

      1.      Treating Nurse Practitioner Opinion

Plaintiff argues that the ALJ erred by giving very little weight to the opinion of her treating nurse practitioner, Caitlin Phillips ("Phillips"). In support of this argument, plaintiff contends that because Phillips is plaintiff's treating nurse practitioner and the regulations permit consideration of opinion evidence given by a nurse practitioner, 20 C.F.R. § 404.1513(d)(1), Phillip's opinion is entitled to greater weight than the ALJ afforded to it.

An ALJ must weigh and evaluate all medical opinions received, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c)). Generally, opinions from treating sources are given greater weight than opinions from non-treating sources, such as consultative examiners. Id. §§ 404.1527(c)(2), 416.927(c)(2). A "treating source" is the claimant's "physician, psychologist, or other acceptable medical source" who provides medical treatment to the claimant on an ongoing basis. Id. § 404.1502. Under the regulations, the opinion of a treating source regarding the nature and severity of a claimant's impairment is entitled to controlling weight if it is well supported by medical evidence and is not inconsistent with other substantial evidence contained in the claimant's case record. Id. § 1527(c)(2). However, any medical opinion, even one from a treating source, should be given less weight if it is not well supported or if it is inconsistent with other evidence in the record. Id. §§ 404.1527(c)(3)–(4), 416.927(c)(3)–(4); Craig, 76 F.3d at 590.

While an ALJ is under no obligation to accept any medical opinion, he or she must nevertheless explain the weight afforded such opinions. See S.S.R. 96-2p, 1996 WL 374188, at *5

5

(July 2, 1996); see also Russell v. Comm'r of Soc. Sec., 440 F. App'x 163, 164 (4th Cir. 2011). An ALJ has a duty to explain the administrative decision so as to enable meaningful judicial review. "While the [Commissioner] is empowered . . . to resolve evidentiary conflicts, the [Commissioner], through the ALJ, is required to indicate expressly 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984)). If such an explanation is provided, then the court "must defer to the ALJ's assignments of weight unless they are not supported by substantial evidence." Dunn v. Colvin, 607 F. App'x 264, 271 (4th Cir. 2015) (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

Plaintiff argues that the ALJ should have given additional weight to Phillips's assessment that plaintiff is disabled or explained in more detail the operative reasons for discounting her opinion. However, the ALJ explained fully that he rested his assignment of very little weight on the fact that Phillip's assessment was based on, at most, a single examination largely consisting of a series of verbal questions prompting plaintiff to describe subjective perceptions of her own symptoms. (See Tr. 362–70). Further, the ALJ observed that Phillips's ultimate evaluation of plaintiff's symptoms is, in various instances, inconsistent with Phillips's clinical notes recording plaintiff's normal range of motion, full muscle strength, and no swollen or inflamed joints. (Tr. 360–61). Finally, the ALJ noted, and plaintiff does not dispute, that Phillips is not an "acceptable medical source[,]" as defined in the regulations, or otherwise entitled to any presumption of credibility.

For the foregoing reasons, the ALJ's decision to accord very little weight to the opinion of Phillips was supported by substantial evidence and adequately explained. See Monroe, 826 F.3d at 189.

6

2. Residual Functional Capacity

Plaintiff argues that the ALJ erred in determining that she was able to perform a limited range of light work. In support of her argument, plaintiff relies on her own testimony regarding chronic pain caused by her lupus and degenerative disc disease. Additionally, plaintiff gestures indistinctly to her medical record as a whole in an attempt to "call into question [the] ALJ['s] determination that [plaintiff] can perform light work. (Pl.'s Objections, DE 19, at 6).

Social Security Ruling 96-8P, which explains how the ALJ should assess a social security claimant's RFC, calls for a "function-by-function" assessment of a social security claimant's limitations. S.S.R. 96-8P, 1996 WL 374184, at *1. Once the required "function-by-function" assessment is complete, the ALJ must express a social security claimant's RFC in terms of exertional levels of work. See id. The "function-by-function" assessment must include a threshold level of analysis in order to allow this court to "review meaningfully" the ALJ's conclusions. Mascio, 780 F.3d at 636–37.

In a recent series of decisions, the Fourth Circuit Court of Appeals has clarified the level of analysis a reviewing court requires from an ALJ. "The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). A reviewing court cannot be "left to guess about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637. Rather, it is the ALJ's duty to perform a "function-by-function" analysis and "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189.

a. Pain Allegations

In assessing credibility of a claimant's pain allegations, the ALJ must follow a two-step process: (1) the ALJ must determine whether the claimant's medically determinable impairments could reasonably cause the alleged symptoms, including pain, and (2) the ALJ must evaluate the credibility of the statements regarding those symptoms. Craig v. Chater, 76 F.3d 585, 594-96 (4th Cir. 1996). The evaluation must account for "all the available evidence, including the claimant's medical history, medical signs, . . . laboratory findings," "daily activities," and "medical treatment." Id. at 595 (internal quotations omitted). The decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996).

At step one, the ALJ found that plaintiff's medically determinable impairments could reasonably cause the alleged symptoms, including pain. (Tr. 16). At step two, the ALJ found that plaintiff's testimony regarding the intensity of her pain was not entirely credible. (Id.). To support this finding, the ALJ discussed plaintiff's testimony, a written report completed by plaintiff's sister, and medical reports produced by Dr. Nicholas Patrone ("Dr. Patrone"), Dr. William Clark ("Dr. Clark"), Phillips (discussed above), and Dr. Jagjit Sandhu ("Dr. Sandhu").

In considering the foregoing evidence, the ALJ gave moderate weight to the opinion of plaintiff's sister, significant weight to the opinion of Dr. Sandhu, and, as described above, very little weight to the opinion of Phillips. The ALJ did not expressly assign weights to the opinions of Dr. Patrone or Dr. Clark.

An ALJ expressly should assign weights to all sources of opinion evidence and explain the basis for such assignments. See Craig, 76 F.3d at 595  Additionally, it is problematic here that the basis for the ALJ's assignment of moderate weight to the opinion of plaintiff's sister was that her opinion "suggests some limitations [upon plaintiff] but not a complete inability to perform activities of daily living." (Tr. 16). The foregoing explanation appears to suggest that the opinion of plaintiff's sister was found moderately credible, not because the opinion exhibited independent indicia of reliability, but because it is substantively consistent with the ALJ's predetermined conclusions as to plaintiff's RFC. So read, the ALJ's analysis proceeded in reverse order. See Monroe, 826 F.3d at 189 (holding that it is incumbent upon an ALJ to "build an accurate and logical bridge from the evidence to his conclusion") (emphasis added); see also Motor Vehicle Mfrs. Ass'n. of United States., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983) (holding that "courts may not accept . . . post hoc rationalizations for agency action"). In light of Monroe, the foregoing order of analysis was procedurally improper, and, in future determinations, it is incumbent upon the ALJ to determine credibility of opinion testimony based on evidence other than its favorable disposition toward the substantive content of such opinion testimony.

Despite the foregoing irregularities, remand is not warranted here on the basis of the ALJ's assignment of weight to the various sources of opinion testimony. In this instance, the relative weight as between each source of opinion evidence is irrelevant where none of the opinion evidence suggests that plaintiff's pain is debilitating as claimed. (See, e.g., Tr. 220–22 (plaintiff's sister describing plaintiff's ability to prepare meals, perform housework, and walk daily); Tr. 295 (Dr. Clark describing plaintiff's ability to shop, drive, carry groceries, and walk a mile) Therefore, where the ALJ found plaintiff's testimony regarding pain not fully credible, the finding was supported by

9

substantial evidence and the ALJ's failure to explain adequately the weight assigned to certain sources of evidence was harmless in this instance.

        b.        Plaintiff's Sit-Stand Limitation

Plaintiff does not dispute the ALJ's finding that she can walk, sit, and stand throughout an eight-hour workday. However, plaintiff argues that the ALJ failed to account for certain limitations noted in scattered portions of the medical evidence indicating that plaintiff can walk in increments of only 30 minutes to one hour, stand in only 15 minute increments, and sit in only 30 minute increments.

A limitation that prevents a claimant from either sitting or standing for long periods, but permits a claimant to sit or stand, in total, long enough to endure an eight-hour work day, is known as a "sit-stand" limitation. Golini v. Astrue, 483 Fed. Appx. 806, 807 (4th Cir. 2012), see also SSR 83-12, 1983 WL 31253, at *4 (discussing alternate sitting and standing). The presence of a sit-stand limitation does not necessarily imply that a claimant is disabled. See Golini, 483 Fed. Appx. at 808 (denying disability benefits despite claimant's sit-stand limitation). However, where a claimant exhibits a sit-stand limitation, it is incumbent upon the ALJ, as in all disability determinations, to determine whether jobs are available in the national economy that someone with the claimant's impairments can perform. 20 C.F.R. § 404.1512(g).

Evidence of plaintiff's sit-stand limitation appears in the reports of Dr. Sandhu, (Tr. 84), and Phillips, (Tr. 356), which the ALJ gave significant weight, and very little weight, respectively. Additionally, Dr. Clark also notes the presence of a sit-stand limitation (Tr. 295), but, as previously discussed, the ALJ did not assign a level of weight to his opinion. Although there is some disagreement among the expert opinions as to the extent of plaintiff's sit-stand limitation, no

10

evidence appears in the record to contradict plaintiff's assertion that she cannot sit, stand, or walk for long periods, even if she can endure some combination of all three during an eight-hour workday. Briefly at hearing, the ALJ questioned plaintiff about the nature of her claimed sit-stand limitation, (Tr. 46–47), but the ALJ did not issue findings of fact on the issue or inquire of a vocational expert what effect a sit-stand limitation may have upon plaintiff's prospects of finding employment that she can perform. (See Tr. 50 (questioning vocational expert about a hypothetical disability applicant not exhibiting a sit-stand limitation)). Accordingly, where the record indicates that the ALJ did not consider plaintiff's sit-stand limitation in determining her RFC, the ALJ's finding that plaintiff is capable of performing light work is not adequately explained under the standards set forth in Monroe. See 826 F.3d at 190; see also Johnson v. Colvin, No. 4:15-cv-133-FL, 2016 WL 5338530, at *6–7 (E.D.N.C. Sep. 23, 2016) (remanding to the Social Security Administration on the basis of the ALJ's failure to address the plaintiff's sit-stand limitation).

## CONCLUSION

Based on the foregoing, the court REJECTS the recommendation in the M&R, GRANTS plaintiff's motion (DE 14), DENIES defendant's motion (DE 16), and REMANDS to defendant for further proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. 405(g).

SO ORDERED, this the 15th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge